UNITED STATES DISTRICT COURT        JS-6

CENTRAL DISTRICT OF CALIFORNIA

| OMNI SOUTH HILL, LP, | **Case No. CV 19-10185-ODW(RAO)** |
|---|---|
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |
| ANDREW KNIGHT, et al., | |
| Defendants. | |

## I.

## FACTUAL BACKGROUND

Plaintiff Omni South Hill, LP ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Andrew Knight, Carol Aitcheson, and Does 1 to 10 ("Defendants"). Amended First Notice of Motion to Remand to State Court, Attached Complaint ("Compl."), Dkt. No. 7 at 11-15. Defendants are allegedly occupants of real property owned by Plaintiff and located in Los Angeles, California. Compl. ¶¶ 1-6. Plaintiff filed the unlawful detainer action seeking forfeiture of the rental agreement, monetary damages, and reasonable attorney fees. *Id.* at ¶ 17.

///

Defendant Knight filed a Notice of Removal on December 2, 2019, invoking the Court's federal question and diversity jurisdiction. Notice of Removal, Dkt. No. 1 at 1-3. Defendant Knight also filed a request to proceed *in forma pauperis*. Dkt. No. 3.

On December 6, 2019, Plaintiff filed a Notice of Motion to Remand to State Court and an Amended First Notice of Motion to Remand to State Court. Dkt. Nos. 6, 7.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. Removal at 2-3. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C.

§ 1441(a). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." *See id.* § 1332.

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that this Court neither federal question nor diversity jurisdiction over the instant matter. First, there is no federal question apparent from the face of the Complaint, which appears to allege only a simple unlawful detainer cause of action. *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

There is no merit to Defendant's contention that federal question jurisdiction exists based on an alleged violation by Plaintiff of the Fair Debt Collection Practice Act. Removal at 2. It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). Thus, to the extent Defendant's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's Complaint does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.

///

Second, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to "less than $10,000.00." *See* Dkt. No. 7 at 13. Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's request to proceed *in forma pauperis* and all other pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED: _December 13, 2019

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE